**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

WHITNEY GINIEWICZ,                                          CASE NO.: 0:19-cv-61790

      Plaintiff,
v.

UR BATH, LLC a/k/a UR BATH & BODY, LLC,

      Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, Whitney Giniewicz (the "Plaintiff"), by and through counsel, sues Defendant, UR Bath, LLC a/k/a UR Bath & Body, LLC (the "Defendant"), and states:

1. This is an action for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, and related State law claims.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the FLSA.

3. This Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the conduct giving rise to the Plaintiff's claims occurred within this District.

### PARTIES

5. The Plaintiff is a citizen of the State of Florida and a resident of Broward County.

6. The Defendant is a Florida limited liability company doing business in Broward County, Florida.

## APPLICABILITY OF THE FAIR LABOR STANDARDS ACT

7. At all times material hereto, the Plaintiff was employed by the Defendant within the meaning of the FLSA.

8. In performing her duties for the Defendant, the Plaintiff was engaged in commerce within the meaning of the FLSA.

9. In performing her duties for the Defendant, the Plaintiff used goods and products that had been moved or produced in interstate commerce.

10. At all times material hereto, the Defendant has used goods and products that have been moved or produced in interstate commerce.

11. At all times material hereto, the Defendant has been an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

12. The Plaintiff was employed by the Defendant from April 2019 to June 2019 (the "Covered Period").

13. Throughout the Covered Period, the Plaintiff was a full-time employee of the Defendant.

14. Throughout the Covered Period, the Defendant paid the Plaintiff on a salary basis, which converted to an hourly rate, equaled $26.46 an hour.

15. Throughout the Covered Period, the Defendant did not pay the Plaintiff for all of the hours that she worked.

16. Throughout the Covered Period, the Plaintiff worked approximately 480 hours of regular time that she was not compensated for.

17. The Plaintiff is owed approximately $12,700.80, not including liquated damages.

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARD ACT (29 U.S.C. § 207)**

18. The Plaintiff realleges and incorporates by reference paragraphs 1–17.

19. Under the FLSA, the Plaintiff was entitled to pay for every hour she worked for the Defendant and for overtime premium compensation of one and one-half times her regular rate of pay, for the hours she worked beyond forty (40) per week for the Defendant.

20. By the above course of conduct, the Defendant violated the FLSA.

21. Upon information and belief, the Defendant's practice of not compensating the Plaintiff was not approved in writing by the United States Department of Labor.

22. Upon information and belief, the Defendant's practice of not compensating the Plaintiff was not based on the Defendant's review of any policy or publication of the United States Department of Labor.

23. Upon information and belief, the Defendant's practice of not compensating the Plaintiff was not based upon any advice of counsel received by the Defendant.

24. Consequently, the Defendant has violated the FLSA willfully.

25. Due to the Defendant's FLSA violations, the Plaintiff is entitled to recover from the Defendant her unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against the Defendant as follows:

(a) awarding damages in the amount of her unpaid compensation pursuant to 29 U.S.C. § 216(b);

(b) awarding additional liquidated damages equal to the amount of her unpaid compensation pursuant to 29 U.S.C. § 216(b);

(c) awarding reasonable attorney's fees and costs pursuant to 29 U.S.C. §

216(b);

  (d) awarding fees and costs incurred in this action; and

  (e) granting any other legal or equitable relief the Court deems just and proper.

## COUNT II – SERVICES RENDERED

26. The Plaintiff realleges and incorporates by reference paragraphs 1–17.

27. The Plaintiff performed services for the Defendant under terms described herein.

28. The Plaintiff has not been fully compensated for those services to date.

29. The Defendant owes the Plaintiff $12,700.80 that is due with interest for services provided to and on behalf of the Defendant.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against the Defendant as follows:

  (a) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

  (b) awarding attorneys' fees and costs pursuant to Florida Statute § 57.105;

  (c) awarding fees and costs incurred in this action; and

  (d) granting any other legal or equitable relief the Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

30. The Plaintiff realleges and incorporates by reference paragraphs 1–17.

31. Unless the Defendant concedes the existence of an express contract covering the labor she performed, the Plaintiff has no adequate remedy at law.

32. The Plaintiff conferred benefits on the Defendant in the form of 480 hours of uncompensated labor.

33. These benefits conferred by the Plaintiff directly resulted in profits for the Defendant.

34. The Defendant had knowledge of these benefits.

35. The Defendant voluntarily accepted and retained the benefits the Plaintiff conferred.

36. The circumstances are such that it would be inequitable for the Defendant to retain the benefits without paying the value thereof to the Plaintiff.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against the Defendant as follows:

(a) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(b) awarding fees and costs incurred in this action; and

(c) granting any other legal or equitable relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

DATED July 17, 2019.

                                          Respectfully Submitted By:

                                        Gulisano Law, PLLC
                                        5645 Coral Ridge Drive, Suite 207
                                        Coral Springs, FL 33076
                                        954-947-3972 – office
                                        954-947-3910 – fax
                                        michael@gulisanolaw.com – email

                                        <u>s/ Michael Gulisano</u>
                                        Michael Gulisano, Esquire
                                        Florida Bar No.: 87573